IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMBER JONES and VICTORIA LUGO, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> STOVER DIAGNOSTICS LABORATORIES, INC., STOVER MEDICAL LOGISTICS, INC., and STOVER MEDICAL PHYSICIAN SERVICES, LLC, <br><br> *Defendants*. | COLLECTIVE ACTION <br><br> CASE NO. <br><br> JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiffs Amber Jones and Victoria Lugo bring this action for unpaid wages against Defendants Stover Diagnostics Laboratories, Inc., Stover Medical Logistics, Inc., and Stover Medical Physician Services, LLC (collectively "Defendants") on behalf of themselves and all similarly situated individuals, as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs seek to recover for themselves and similarly situated employees who opt into this action pursuant to 29 U.S.C. § 216(b) all unpaid minimum and overtime wages under the FLSA, 29 U.S.C. §§ 201, *et seq.*

### I. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

1

## II. PARTIES

4. Plaintiff Amber Jones is a resident of Clarksville, Montgomery County, Tennessee. Plaintiff Jones was employed by Defendants from on or around March 8, 2018 until on or around May 7, 2019 as a mobile phlebotomist. Plaintiff Jones worked for Defendants in Tennessee, Kentucky, Alabama, Georgia, Virginia, and North Carolina. Plaintiff Jones also worked in Philadelphia, Pennsylvania on about five occasions and in Baltimore, Maryland on one occasion for about three days. As a mobile phlebotomist for Defendants, Plaintiff Jones traveled hundreds of miles each day in her personal vehicle to draw blood and take urine and stool samples from patients in their homes and at skilled nursing facilities and to drop off those samples at the end of each day hundreds of miles from her home. Throughout her employment with Defendants, Plaintiff Jones was an employee within the meaning of the FLSA.

5. Plaintiff Victoria Lugo is a resident of Mt. Juliet, Wilson County, Tennessee. Plaintiff Lugo was employed by Defendants from on or around March 24, 2018 until in or around late July 2019 as a mobile phlebotomist. Plaintiff Lugo worked for Defendants in Tennessee Kentucky, Alabama, Georgia, Virginia, and North Carolina. As a mobile phlebotomist for Defendants, Plaintiff Lugo traveled hundreds of miles each day in her personal vehicle to draw blood and take urine and stool samples from patients in their homes and at skilled nursing facilities and to drop off those samples at the end of each day hundreds of miles from her home. Throughout her employment with Defendants, Plaintiff Lugo was an employee within the meaning of the FLSA.

6. At all relevant times Plaintiffs were employees engaged in commerce or in the production of goods for commerce.

7. Defendant Stover Diagnostics Laboratories, Inc. is a Missouri corporation which

does business within this judicial district.

8. Defendant Stover Medical Logistics, Inc. is a Missouri corporation which does business within this judicial district.

9. Defendant Stover Medical Physician Services, LLC is a Missouri limited liability company which does business within this judicial district.

10. Defendants "offer[] mobile phlebotomy services currently in eighteen states," including Tennessee.[1] Defendants operate / have operated their mobile phlebotomy business under the names Stover Medical Support Services, Stover Medical Support Services, Inc., Stover Diagnostic Laboratory, Inc., Stover Diagnostics, and Stover Diagnostics Laboratories, Inc., among other names.

11. Defendants are an enterprise whose gross volume of sales made or business done is not less than $500,000 exclusive of excise taxes; and employ individuals who are engaged in interstate commerce, in the production of goods for interstate commerce, and who handle, sell, or otherwise work on goods and materials that have been moved in and were produced for commerce.

12. Defendants are employers within the meaning of the FLSA.

### III. FACTS

13. Defendants provide mobile phlebotomy services in 18 states.

14. To provide these services, Defendants employ mobile phlebotomists.

15. Plaintiffs and those they seek to represent are mobile phlebotomists who have been employed by Defendants.

16. Each day Defendants' mobile phlebotomists perform blood draws and take urine

---

[1] "Phlebotomy Locations," https://www.stovermedicalservices.com/?page_id=16 (accessed Aug. 2, 2019)

and stool samples in patients' homes and in skilled nursing facilities and drop those samples off for shipping to Defendants' laboratory in Missouri.

17. Defendants provide their mobile phlebotomists with schedules that dictate the number of patient visits, which patients to visit, and the distance to be driven each day.

18. Defendants' mobile phlebotomists do not choose how many or which patients they are scheduled to visit each day.

19. These schedules require mobile phlebotomists, including Plaintiffs, to perform several visits and to travel hundreds of miles each day

20. Defendants' mobile phlebotomists use their own vehicles to perform mobile phlebotomy services.

21. Defendants supply all other equipment necessary for Plaintiffs to perform mobile phlebotomy services.

22. Defendants require mobile phlebotomists to wear badges identifying them as employees of Defendants.

23. Defendants train mobile phlebotomists and can discipline, hire, and fire them.

24. For these and other reasons, Defendants' mobile phlebotomists are dependent on Defendants as a matter of economic reality and are therefore Defendants' employees.

25. As mobile phlebotomists, Plaintiffs almost always worked in excess of eight hours each day—and typically at least 12 hours each day—and five days per week.

26. As a result, Plaintiffs routinely worked over 40 hours in a week.

27. Due to the long work hours, Plaintiffs could not seek out or take on additional jobs or see additional patients outside of those assigned by Defendants.

28. Defendants pay their mobile phlebotomists as independent contractors rather than

4

employees.

29. Defendants pay mobile phlebotomists a mileage reimbursement for using their own vehicles.

30. However, for the time spent traveling hundreds of miles, drawing blood and taking urine and stool samples from patients, transporting those samples to the appropriate location for shipping to Defendants' laboratory, and completing billing paperwork Defendants pay their mobile phlebotomists in one of two ways—either (1) nothing beyond a mileage reimbursement or (2) a flat fee for each patient visit. For example, while based in Tennessee, both Plaintiffs received only a mileage reimbursement. However, during the time when Plaintiff Jones worked in Pennsylvania and Maryland, Defendants paid her, like other mobile phlebotomists in that area, a mileage reimbursement and flat fee for each patient visit.

31. As a result of these practices, Defendants failed to pay Plaintiffs and other mobile phlebotomists at least $7.25 per hour for hours up to 40 in a workweek and at least $10.88 per hour for hours over 40 in a workweek.

32. As a result, Defendants violated the minimum wage and overtime provisions of the FLSA.

33. Defendants did not record Plaintiffs time worked.

34. However, Defendants were aware of the long hours Plaintiffs and other mobile phlebotomists worked each day because they scheduled Plaintiffs visits and because Plaintiffs invoiced their mileage.

35. Thus, Defendants knew and/or acted with reckless disregard of the fact that their failure to pay Plaintiffs and other employees for their work violates the minimum wage and overtime requirements of the FLSA.

## IV. COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs assert their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of similarly situated employees (the "FLSA Class"):

> All mobile phlebotomists who worked for Defendants at any time since August 22, 2016.

37. Plaintiffs and the class defined above are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, among other things, they were: (1) paid a mileage reimbursement but no wages for the mobile phlebotomy services they performed; and (2) they were misclassified as independent contractors by Defendants, even though they were economically dependent on Defendants as a matter of economic reality. In short, members of this class were subject to the same policies and practices as Plaintiffs, which are described in detail above. As a result, they were all victims of common policies and practices that resulted in a violation of the minimum wage and overtime provisions of the FLSA.

## VI. CAUSE OF ACTION – FLSA MINIMUM WAGE

38. All previous paragraphs are incorporated as though fully set forth herein.

39. Plaintiffs assert this claim on behalf of themselves and all members of the class defined above who opt into this action pursuant to 29 U.S.C. § 216(b).

40. Plaintiffs and the members of the class defined above are employees entitled to the FLSA's protections.

41. Defendants are employers covered by the FLSA.

42. The FLSA requires that employers pay covered employees at least $7.25 for every hour worked up to 40 in a workweek. 29 U.S.C. § 206(a).

43. Defendants have paid Plaintiffs and the members of the class defined above a mileage reimbursement for use of their own vehicles to perform mobile phlebotomy services.

6

Case 3:19-cv-00740   Document 1   Filed 08/22/19   Page 6 of 9 PageID #: 6

44. However, such payments are not compensation for hours worked. *See* 29 U.S.C. § 207(e); 29 C.F.R. §§ 778.216 and 778.217.

45. Defendants have failed to pay Plaintiffs and the members of the class defined above at least the statutory minimum wage of $7.25 per hour for the time up to 40 in a workweek spent traveling, taking blood and urine samples, transporting samples to the appropriate drop-off location for shipping to Defendants' laboratory, and completing billing paperwork.

46. In violation of the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VII. CAUSE OF ACTION – FLSA OVERTIME

47. All previous paragraphs are incorporated as though fully set forth herein.

48. Plaintiffs assert this claim on behalf of themselves and all members of the class defined above who opt into this action pursuant to 29 U.S.C. § 216(b).

49. Plaintiffs and the members of the class defined above are employees entitled to the FLSA's protections.

50. Defendants are employers covered by the FLSA.

51. The FLSA requires that employers pay covered employees at least $10.88 (one and one-half times the statutory minimum wage) for every hour worked in excess of 40 in a workweek. 29 U.S.C. §§ 206(a), 207(a).

52. Plaintiffs and the members of the class defined above have performed work in excess of 40 hours in a workweek.

53. Defendants have violated the FLSA by failing to pay Plaintiffs and the members of the class defined above at least $10.88 (one and one-half times the statutory minimum wage) for every hour worked in excess of 40 in a workweek.

54. In violation of the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the members of the class defined above;

B. Prompt notice of this litigation pursuant to 29 U.S.C. § 216(b) to all members of the class defined above;

C. A finding that Defendants have violated the minimum wage and overtime provisions of the FLSA;

D. A finding that Defendants' FLSA violations are willful;

E. A judgment against Defendants and in favor of Plaintiffs and the members of the class defined above for compensation for all unpaid minimum and overtime wages that Defendants have failed and refused to pay in violation of the FLSA;

F. Liquidated damages to the fullest extent permitted under the FLSA;

G. Prejudgment interest to the fullest extent permitted under the law;

H. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

I. Such other and further relief as this Court deems just and proper in equity and under the law.

## XII. JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: August 22, 2019                               Respectfully submitted,

                                                    /s/ David W. Garrison
                                                    **DAVID W. GARRISON (No. 24968)**
                                                    **JOSHUA A. FRANK (No. 33294)**
                                                    BARRETT JOHNSTON MARTIN & GARRISON, LLC
                                                    Philips Plaza
                                                    414 Union Street, Suite 900
                                                    Nashville, TN 37219
                                                    Telephone: (615) 244-2202
                                                    Facsimile: (615) 252-3798
                                                    dgarrison@barrettjohnston.com
                                                    jfrank@barrettjohnston.com

                                                    **EMILY ALCORN (No. 33281)**
                                                    GILBERT MCWHERTER SCOTT BOBBITT, PLC
                                                    341 Cool Springs Blvd., Suite 230
                                                    Franklin, TN 37067
                                                    Telephone: (615) 354-1144
                                                    ealcorn@gilbertfirm.com

                                                    *Attorneys for Plaintiffs*

9

Case 3:19-cv-00740   Document 1   Filed 08/22/19   Page 9 of 9 PageID #: 9