IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMBER JONES, VICTORIA LUGO, and REGAN SLIGER on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STOVER DIAGNOSTICS LABORATORIES, INC., STOVER MEDICAL LOGISTICS, INC., STOVER MEDICAL PHYSICIANS SERVICES, LLC, and MATTHEW STOVER, <br><br> Defendants. | Case No. 3:19-cv-00740 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Jeffrey S. Frensley |

## ORDER GRANTING IN PART AND DENYING IN PLAINTIFFS' SECOND RENEWED MOTION FOR ENTRY OF DEFAULT

Before the Clerk for consideration is the second Renewed Motion for Entry of Default filed by Plaintiffs Amber Jones and Victoria Lugo, on behalf of themselves and all others similarly situated, against Defendants Stover Diagnostics Laboratories, Inc., Stover Medical Logistics, Inc., Stover Medical Physicians Services, LLC, and Matthew Stover (collectively, "Defendants"). (Doc. No. 120). For the following reasons, Plaintiffs' Motion is **GRANTED** in part and **DENIED** in part.

I. **Procedural History**

Plaintiffs filed their original complaint against Stover Diagnostics Laboratories, Inc., Stover Medical Logistics, Inc., and Stover Medical Physicians Services, LLC (the "Corporate Defendants") on August 22, 2019. (Doc. No. 1). Counsel for the Corporate Defendants filed an answer on October 18, 2019. (Doc. No. 22). Plaintiffs filed a First Amended Complaint against

1

the Corporate Defendants on January 15, 2020, including, for the first time, a state law cause of action. (Doc. No. 52). Counsel for the Corporate Defendants filed an answer to the First Amended Complaint on January 29, 2020. (Doc. No. 55).

On February 18, 2020, counsel for the Corporate Defendants filed a Motion of Counsel to Withdraw. (Doc. No. 67). The Motion was granted by this Court on February 19, 2020, and the Corporate Defendants were ordered to secure new counsel and enter an appearance on the record by Friday, March 27, 2020. (Doc. No. 72). To date, new counsel has not entered an appearance on behalf of the Corporate Defendants.

On April 4, 2020, Plaintiffs filed a Second Amended Complaint against the Corporate Defendants and, for the first time, included Matthew Stover ("Stover") as an individual defendant. (Doc. No. 87). Plaintiffs' Second Amended Complaint did not include a certificate of service and a review of the docket reveals that Plaintiffs did not prepare and file a summons for service upon Stover.

On August 24, 2020, Plaintiffs filed a Third Amended Complaint against all Defendants. (Doc. No. 93). The Third Amended Complaint omitted the previously added state law claim. *Id.* A review of the docket reveals that Plaintiffs did not prepare and file a summons for Stover. Plaintiffs did file, however, a Certificate of Service on August 31, 2020, certifying that a copy of the Third Amended Complaint was sent "via U.S. mail" to the Registered Agent for the Corporate Defendants, and to Stover at three separate addresses. (Doc. No. 94). On October 20, 2020, Plaintiffs filed its first Motion for Entry of Default as to all Defendants. (Doc. No. 95). On November 9, 2020, the Clerk denied Plaintiffs' Motion for Entry of Default for, among other reasons, failure to provide proof of service as required by Local Rule 55.01(i). (Doc. No. 96).

On November 12, 2020, new Summonses were issued to Stover at the following addresses:

- 101 Glenallen Ct, Saint Peters, MO 63376-1724 (Doc. No. 101 at PageID #696)

- 1776 Crosswinds Drive, Wentzville, MO 63385 (Doc. No. 101 at PageID #697)
- 1776 Crosswinds Drive, O'Fallon, MO 63385 (Doc. No. 101 at PageID #698)

Plaintiffs did not prepare and file new summonses for the Corporate Defendants.

On November 20, 2020, Plaintiffs returned the Summons issued to Stover addressed to "101 Glenallen Ct, Saint Peters, MO 63376-1724" along with the corresponding Proof of Service declaration executed by process server Martin Hueckel. (Doc. No. 105 at PageID # 703). The Proof of Service declaration states that Mr. Hueckel "left the summons at the individual's residence or usual place of abode with Leah (no last name) on 11/19/2020, and mailed a copy to the individual's last known address." (Doc. No. 105 at PageID # 703). Plaintiffs also filed with the Proof of Service declaration a document entitled "Return of Service" signed by Mr. Hueckel, noting the address for service as being "101 Glenallen Court, Saint Peters, MO 63376." (Doc. No. 105 at PageID # 704). The "Return of Service" was not in the form of an affidavit or unsworn declaration and was not mentioned or incorporated by reference in the Proof of Service declaration.

On March 25, 2021, Plaintiffs filed a Renewed Motion for Entry of Default. (Doc. No. 107). The Clerk denied the Renewed Motion on April 27, 2021, for failure to comply with Local Rule 55.01(i) and (ii). (Doc. No. 108). Specifically, the Clerk found that Plaintiffs had not submitted the required unsworn declaration under penalty of perjury verifying proof of service on the Corporate Defendants or verifying the Defendants' failure to plead or otherwise defend. Additionally, Plaintiffs had not sufficiently established service of process of the Summons and Third Amended Complaint on Stover. *Id.*

On January 13, 2022, the Court entered an Order requiring Plaintiffs to file a status report with the Court advising on case status and the status of service of process. (Doc. No. 115). On February 2, 2022, Plaintiffs filed a Status Report advising the Court that they were in communication with the Department of Labor who brought a similar action against Defendants in

Missouri. (Doc. No. 116). Plaintiffs stated their intention to use information gathered from the Department of Labor to ensure proper service of process on Defendants in this case. *Id.*

On August 15, 2022, the Court entered an Order to Show Cause because there had been no filings in the case following Plaintiffs' February 2 Status Report. (Doc. No. 117). Plaintiffs filed a response to the Show Cause Order on September 1, 2022. (Doc. No. 118). As it relates to service of process, Plaintiffs advised the Court that Plaintiffs were unable to access the summonses returned in the Missouri case, but were able to "secure information about service in that action from the Department of Labor." *Id.* at PageID# 733. Namely, that the Defendants were successfully served by the U.S. Marshals Service "by leaving a copy at Defendant Matthew Stover's residence with a person of suitable age and discretion who resides there." *Id.* Further, Plaintiffs state that "this is exactly the method employed by Plaintiffs' process server to serve Mr. Stover." *Id.* Accordingly, Plaintiffs filed the pending second Renewed Motion for Entry of Default on September 1, 2022. (Doc. No. 120). In support and in an effort to comply with Local Rule 55.01(i) and (ii), Plaintiffs submitted the Declaration of David W. Garrison. (Doc. No. 119).

**II.     Analysis**

Pursuant to Local Rule 55.01, motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, "(i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration." L.R. 55.01.

A. Corporate Defendants

Plaintiffs filed a Certificate of Service on August 31, 2020, which states that copies of the Third Amended Complaint were served "via U.S. mail." (Doc. No. 94). Because the Corporate Defendants had already entered an appearance and filed responses to the original and First Amended Complaints, the Clerk finds that service by U.S. Mail to the Registered Agent for service of process is sufficient pursuant to Federal Rule of Civil Procedure 5(b)(2)(C). (*See* Doc. Nos. 22, 36, and 55). In support of its second Renewed Motion, Plaintiffs filed the Declaration of David W. Garrison who verifies proof of service as to the Corporate Defendants and the Corporate Defendants' failure to plead or otherwise defend. (Doc. No. 119 at ¶¶ 4-5). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Although the Corporate Defendants filed answers to the original and First Amended Complaints their subsequent failure to "otherwise defend" this action supports entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. S*ee Crisma, Inc. v. SG Commc'ns, LLC*, No. 3:09-0568, 2010 WL 2696498, at *3 (M.D. Tenn. June 10, 2010), *report and recommendation adopted*, No. 3:09-0568, 2010 WL 2696497 (M.D. Tenn. July 7, 2010).

B. Stover

Once again, Plaintiffs take the position that they served Stover on November 19, 2020, by "leaving the summons at Mr. Stover's residence or usual place of abode with a person of suitable age and discretion who resides there." (Doc. No. 119 at ¶¶ 6). In support, Plaintiffs cite to the return of service filed at Doc. No. 105. *Id.* For the reasons set forth in the April 27, 2021 Order, the Clerk rejected this argument. (Doc. No. 108). Plaintiffs have provided no additional information or evidence to alter the Clerk's analysis or conclusion. The fact that different plaintiffs in a different case pending in a different jurisdiction successfully secured service upon the same

5

defendants, does not mean that Plaintiffs have achieved service in this case by proxy. Plaintiffs have provided nothing other than unsworn anecdotal information regarding the means by which the defendants were served in the Missouri action, which is insufficient.

Federal Rule of Civil Procedure 4(e)(1), allows an individual to be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Federal Rule of Civil Procedure (e)(2)(B) states that an individual may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode *with someone of suitable age and discretion who resides* there." (emphasis added). Fed. R. Civ. P. 4(e)(2)(B). Plaintiffs have still provided no evidence that service under Federal, Tennessee, or Missouri law has been achieved. Plaintiffs have provided no information identifying where Stover resides such that the Clerk can confirm whether service at the 101 Glenallen Court address is sufficient. Additionally, neither Plaintiffs nor Mr. Hueckel in his Proof of Service declaration provide information to support the notion that "Leah (no last name)" is a resident at 101 Glenallen Court address. Finally, even if service in the Missouri case were relevant to the analysis, Plaintiffs did not confirm that the Glenallen address is the same address where service was secured by the U.S. Marshal, or that "Leah" was same person served.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). In this case, the Clerk finds that Plaintiffs have not provided

information sufficient to verify proof of service as required by Local Rule 55.01(i); therefore, entry of default is inappropriate at this time.

For the reasons stated herein, Plaintiffs' second Renewed Motion for Entry of Default (Doc. No. 120) is **GRANTED** as to Stover Diagnostics Laboratories, Inc., Stover Medical Logistics, Inc., and Stover Medical Physicians Services, LLC, and **DENIED** without prejudice as to Matthew Stover.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court
