## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF
## TENNESSEE NASHVILLE DIVISION

AMBER JONES, VICTORIA LUGO, and )
REGAN SLIGER on behalf of themselves )
and all others similarly situated, )
                                )   Case No. 3:19-cv-00740
      Plaintiffs, )
                                )   Judge Eli J. Richardson
v.                              )   Magistrate Judge Jeffrey S. Frensley
                                )
STOVER DIAGNOSTICS )
LABORATORIES, INC., STOVER )
MEDICAL LOGISTICS, INC., STOVER )
MEDICAL PHYSICIANS SERVICES, )
LLC, and MATTHEW STOVER, )
                                )
      Defendants. )
                                )

---

## DENIAL OF MOTION FOR RECONSIDERATION

---

      Before the Clerk for review is Plaintiffs' Motion for Reconsideration, in part, of the Order on Plaintiffs' Second Renewed Motion for Entry of Default as to Defendant Matthew Stover. (Doc. No. 124). For the following reasons, Plaintiffs' Motion is **DENIED**.

## I.    PROCEDURAL HISTORY

      The procedural history of this case is lengthy and covers a span of over three years. Plaintiffs filed their original complaint against Stover Diagnostics Laboratories, Inc., Stover Medical Logistics, Inc., and Stover Medical Physicians Services, LLC (the "Corporate Defendants") on August 22, 2019. (Doc. No. 1). Summonses were issued to the Corporate Defendants in care of their registered agent for service of process, Elizabeth E. Tharpe on August 23, 2019. (Doc. No. 4). Counsel for the Corporate Defendants filed an answer on October 18, 2019. (Doc. No. 22). On November 18, 2019, Stover Medical Logistics, Inc. and Stover

1

Diagnostics Laboratories, Inc. filed Business Entity Disclosure Statements signed by Matthew Stover as their President. (Doc. Nos. 33 and 34).

Plaintiffs filed a First Amended Complaint against the Corporate Defendants on January 15, 2020, including, for the first time, a state law cause of action. (Doc. No. 52). Counsel for the Corporate Defendants filed an answer to the First Amended Complaint on January 29, 2020. (Doc. No. 55). On February 18, 2020, counsel for the Corporate Defendants filed a Motion of Counsel to Withdraw. (Doc. No. 67). The Motion was granted by this Court on February 19, 2020, and the Corporate Defendants were ordered to secure new counsel and enter an appearance on the record by Friday, March 27, 2020. (Doc. No. 72). To date, new counsel has not entered an appearance on behalf of the Corporate Defendants.

On April 4, 2020, Plaintiffs filed a Second Amended Complaint, which added Matthew Stover ("Stover") as an individual defendant. (Doc. No. 87). Plaintiffs did not prepare and file a Summons for service upon Stover at that time. A few months later, on August 24, 2020, Plaintiffs filed a Third Amended Complaint against all Defendants. (Doc. No. 93).

On October 20, 2020, Plaintiffs filed their first Motion for Entry of Default as to all Defendants. (Doc. No. 95). On November 9, 2020, the Clerk denied Plaintiffs Motion for, among other reasons, failure to to provide sufficient proof of service on the Defendants by certified or registered mail pursuant to Federal Rule of Civil Procedure 4 and Tennessee Rules of Civil Procedure 4.04(10) and 4.05(6). (Doc. No. 96).

On November 12, 2020, Summonses were issued to Stover at the following three addresses:

- 101 Glenallen Ct, Saint Peters, MO 63376-1724 (Doc. No. 101 at PageID #696)

- 1776 Crosswinds Drive, Wentzville, MO 63385 (Doc. No. 101 at PageID #697)

- 1776 Crosswinds Drive, O'Fallon, MO 63385 (Doc. No. 101 at PageID #698)

On November 20, 2020, Plaintiffs returned the Summons issued to Stover addressed to

2

"101 Glenallen Ct, Saint Peters, MO 63376-1724" along with the corresponding Proof of Service declaration executed by process server Martin Hueckel. (Doc. No. 105 at PageID # 703). The Proof of Service declaration states that Mr. Hueckel "left the summons at the individual's residence or usual place of abode with Leah (no last name) on 11/19/2020, and mailed a copy to the individual's last known address." (Doc. No. 105 at PageID # 703). Plaintiffs also filed with the Proof of Service declaration a document entitled "Return of Service" signed by Mr. Hueckel, noting the address for service as being "101 Glenallen Court, Saint Peters, MO 63376." (Doc. No. 105 at PageID # 704). The "Return of Service" was not in the form of an affidavit or unsworn declaration and was not mentioned or incorporated by reference in the Proof of Service declaration.

On March 25, 2021, Plaintiffs filed a Renewed Motion for Entry of Default. (Doc. No. 107). The Clerk denied the Renewed Motion on April 27, 2021, for failure to comply with Local Rule 55.01(i) and (ii). (Doc. No. 108). Specifically, the Clerk found that Plaintiffs had not submitted the required unsworn declaration under penalty of perjury verifying proof of service on the Corporate Defendants or verifying the Defendants' failure to plead or otherwise defend. Additionally, the Clerk found that Plaintiffs had not sufficiently established service of process of the Summons and Third Amended Complaint on Stover. *Id.* Specifically, the Clerk explained that Plaintiffs did not provide any information explaining why the 101 Glenallen Court address is Stover's residence or usual place of abode versus the other two address for Stover to which Summonses were issued. Additionally, Plaintiffs failed to provide any information to support the notion that "Leah" was a resident of 101 Glenallen Court. *Id.* at PageID #717.

On January 13, 2022, the Court entered an Order requiring Plaintiffs to file a status report with the Court advising on case status and the status of service of process. (Doc. No. 115). On February 2, 2022, Plaintiffs filed a Status Report advising the Court that they were in communication with the Department of Labor who brought a similar action against Defendants in

3

Missouri ("Missouri Case"). (Doc. No. 116). *See Scalia v. Stover Diagnostic Lab. Inc.*, In the U.S. District Court Eastern District of Missouri, Case No. 4:20-cv-01390-JAR. Plaintiffs stated their intention to use information gathered from the Department of Labor to ensure proper service of process on Defendants in this case. *Id.*

On August 15, 2022, the Court entered an Order to Show Cause because there had been no filings in the case following Plaintiffs' February 2 Status Report. (Doc. No. 117). Plaintiffs filed a response to the Show Cause Order on September 1, 2022. (Doc. No. 118). As it relates to service of process, Plaintiffs advised the Court that Plaintiffs were unable to access the summonses returned in the Missouri Case, but were able to "secure information about service in that action from the Department of Labor." *Id.* at PageID# 733. Namely, that the Defendants were successfully served by the U.S. Marshals Service "by leaving a copy at Defendant Matthew Stover's residence with a person of suitable age and discretion who resides there." *Id.* Further, Plaintiffs state that "this is exactly the method employed by Plaintiffs' process server to serve Mr. Stover." *Id.* Accordingly, Plaintiffs filed the pending second Renewed Motion for Entry of Default on September 1, 2022. (Doc. No. 120). In support, and in an effort to comply with Local Rule 55.01(i) and (ii), Plaintiffs submitted the Declaration of David W. Garrison. (Doc. No. 119). The Garrison declaration, however, did not offer any information regarding service upon Stover in the Missouri Case. Instead, it simply restates that Stover was served on November 19, 2020, as evidenced by the Proof of Service declaration signed by Hueckel. *Id.* at PageID# 738.

On December 5, 2022, the Clerk granted in part and denied in part Plaintiffs second Renewed Motion. (Doc. No. 121). The Clerk entered default against the Corporate Defendants, but again denied Plaintiffs' Motion to the extent it sought entry of default against Stover for failure to verify service of process under Local Rule 55.01(i). *Id.*

Plaintiffs filed the pending Motion on December 20, 2022, seeking reconsideration of the

4

Clerk's December 5, 2022 denial of entry of default as to Defendant Matthew Stover. (Doc. No. 124).

## II.    APPLICABLE STANDARD

There is no federal procedural rule permitting a "motion for reconsideration," however, such motions may be construed as motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Illum'maati v. Bailey*, No. 3:20-CV-00546, 2020 WL 6585875, at *2 (M.D. Tenn. Nov. 10, 2020). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. The movant may not use Rule 59 to re-argue the case or to present evidence that should have been before the court at the time judgment entered." *Id.* (internal citations omitted.). The underlying facts and applicable law are unchanged since Plaintiffs filed their second renewed Motion for Entry of Default. Moreover, Plaintiffs present no new evidence to support their position. As a result, the Clerk construes Plaintiffs' motion as one based on a perceived "clear error of law" when the Clerk did not accept the Proof of Service declaration as sufficient verification that Stover had been served.

"Proper service of process 'is not some mindless technicality.'" *Genesis Diamonds, LLC v. John Hardy, Inc.,* 2016 WL 3478915, at *3 (M.D. Tenn. 2016) *citing Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). "The requirement stems from the Due Process Clause of the Fifth Amendment, which requires that defendants receive adequate notice of proceedings against them." *Id.* Unless proper service is achieved, the court lacks personal jurisdiction over a defendant. *Id.* "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on him to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). *See also Jones v. Volkswagen of America, Inc.*, 82

5

F.R.D. 334, 335 (E.D. Tenn. 1978).

**III.  ANALYSIS**

A.  <u>Proof of Service Declaration</u>

The crux of Plaintiffs' argument is that the Form AO440 Proof of Service declaration, (Doc. No. 105 at PageID #703), submitted in support of their second renewed Motion for Entry of Default satisfies their obligations to verify service of process under Rule 4(e)(2)(B) and 4(l) of the Federal Rules of Civil Procedure, and consequently, Local Rule 55.01. (Doc. No. 124). Specifically, Plaintiffs contend that,

> [Federal] Rule 4(e) and (l) requires nothing more than this unsworn declaration that service has been made pursuant to the requirements of Rule 4, and Plaintiffs have submitted such proof in filing form AO 440. The fact that Mr. Hueckel provided additional information regarding service that was also submitted to the Court (Doc. No. 105 at PageID #: 704) does not diminish or create any doubt about compliance with Rule 4.

> (Doc. No. 125 at PageID #760).

Once service of process is perfected pursuant to Rule 4(e)(2)(B), a properly submitted affidavit or unsworn declaration pursuant to Rule 4(l)(1), or unsworn declaration pursuant to 28 U.S.C. §1746, undoubtedly satisfies the obligations of Local Rule 55.01(i). Yet in this case, Plaintiffs overlook the doubt they have created regarding whether service of process was in fact perfected as to Matthew Stover pursuant Rule 4(e)(2)(B).

First, as the Clerk previously explained, Plaintiffs had three Summonses issued for Stover at three different addresses. (Doc. No. 101). Despite being offered opportunities to do so, Plaintiffs have yet to explain in any of their filings or offer any evidence to support their contention that the 101 Glenallen Ct address mentioned in Mr. Hueckel's Proof of Service Declaration (Doc. No. 105 at PageID #704) is Stover's "dwelling or usual place of abode" <u>versus</u> the other two addresses for Stover to which Summonses were issued. Instead, Plaintiffs imply

6

that the Clerk erred when it did not rely exclusively upon the form language included in Mr. Hueckel Proof of Service declaration.

Plaintiffs fueled the doubt when they represented to the Court that Stover was served in the Missouri Case in "exactly the method employed by Plaintiffs' process server to serve Mr. Stover." (Doc. No. 118 at PageID# 733). However, a review of the summons returned in the Missouri Case reveals that Stover was served by the U.S. Marshal at "1776 Crosswinds Drive, Wentzville, MO 63385." Missouri Case, Doc. No. 5 at PageID #29 (attached).

As first explained in the Clerk's April 27, 2021 Order denying Plaintiff's Renewed Motion for Entry of Default, (Doc. No. 108), and as reiterated over a year later in the Clerk's December 5, 2022 Order denying Plaintiffs' second Renewed Motion for Entry of Default, (Doc. No. 121), Plaintiffs have provided no information, either through affidavit, declaration, or other evidence, that the 101 Glenallen Ct. address was Stover's dwelling or usual place of abode.

Second, despite being providing opportunities to do so, Plaintiffs have yet to offer any additional information to confirm that "Leah (no last name)" was a resident at 101 Glenallen Ct. and was of suitable age and discretion.

Until Plaintiffs provide additional information to clear up the confusion they have created, they have not verified and cannot verify service of process as required by Local Rule 55.01(i).

B. Stover's Knowledge of the Pending Action

Although not raised in Plaintiffs' pending Motion for Reconsideration, the Clerk did not address in its December 5 Order the argument that Stover's knowledge of and early involvement in this litigation has some bearing on whether he had been served. As a result, it will be addressed here.

Plaintiffs argue that Stover's position as a principal of the Corporate Defendants and

involvement in the litigation as evidenced by his signature on the Corporate Defendants Business Entity Disclosure Statements demonstrates Stover's personal involvement the Corporate Defendants' failure to defend this action. The record does reflect that Stover signed the Business Entity Disclosure Statements on November 18, 2019. (Doc. Nos. 33 and 34). However, a review of the docket reveals that Plaintiffs did not file suit against Stover until April 10, 2020 (Doc. No. 87), two months after the Court entered its Order granting the Corporate Defendants counsel's Motion to Withdraw. (Doc. No. 72). Plaintiffs filed their Third Amended Complaint on August 24, 2020 (Doc. No. 93), and did not have Summonses issued as to Stover until November 12, 2020. (Doc. No. 101).

It is well established in the Sixth Circuit that "[a]ctual knowledge of a lawsuit does not substitute for proper service under Fed. R. Civ. P. 4. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004). See also *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999) (The Sixth Circuit "will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4."). "Rule 4(l)(1) requires that proof of service must be made to the court unless service is waived, and the Plaintiff bears the burden of showing the Defendant has been properly served with process." *Payne v. Tennessee*, No. 2:14-0047, 2014 WL 3362247, at *3 (M.D. Tenn. July 8, 2014), *report and recommendation adopted*, No. 2:14-CV-0047, 2014 WL 5846555 (M.D. Tenn. Nov. 12, 2014) (internal citations omitted). While Stover may have been aware of the suit against the Corporate Defendants, there is no evidence in the record to support the notion that he was aware of the subsequent claims asserted against him. Yet, even if he was aware, Plaintiffs are still required to personally serve Stover.

The Tennessee Supreme Court interprets Tenn. R. Civ. P. 4 similarly. "The language of this rule makes clear that 'the preferred method of service upon an individual ... is clearly by delivery of the summons and complaint to the defendant personally.' Robert Banks, Jr. & June F. Entman,

*Tennessee Civil Procedure* § 2–3(d), at 2–26 (2d ed.2004). Actual notice of the lawsuit is not 'a substitute for service of process when the Rules of Civil Procedure so require.'" *Hall v. Haynes*, 319 S.W.3d 564, 571–72 (Tenn. 2010).

As a result, Stover's knowledge of the litigation against the Corporate Defendants has no bearing on whether Plaintiffs have perfected service as to Stover in his individual capacity and the Clerk's failure to address the issue in the December 5 denial of Plaintiffs' Motion is not a clear error of law.

## IV.   CONCLUSION

Upon thorough review of the record, the case law and resources cited by Plaintiffs, and an independent review of governing law, the Clerk finds no clear error of law when it denied Plaintiffs second Renewed Motion for Entry of Default. (Doc. No. 121). Accordingly, Plaintiffs' Motion for Reconsideration of Denial of Entry of Default as to Matthew Stover (Doc. No. 124) is **DENIED**.

s/ Lynda M. Hill_____
Lynda M. Hill
Clerk of Court

9

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See instructions for "Service of Process by U.S. Marshal"*

**FILED**

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Eugene Scalia, Secretary of Labor, United States Department of Labor | 2020-cv-1390  PM 2: 58 |

**DEC 07 2020**

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Stover Diagnostics Laboratories, Inc. and Matthew Stover | Summons and Complaint |

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Matthew Stover

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

1776 Crosswinds Drive, Wentzville, MO 63385

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| Laura O'Reilly<br>U.S. Department of Labor, Office of the Solicitor<br>2300 Main Street, Suite 1020<br>Kansas City, MO 64108 | Number of process to be served with this Form 285: **2** |
| | Number of parties to be served in this case: **2** |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                      Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| | | 816-285-7277 | 11/9/2020 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 44 | No. 44 | | 11/13/20 |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☒ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Carolina Rivera | |
| Address *(complete only different than shown above)* | Date: 11/16/2020 | Time: 4:05 ☐ am ☒ pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| 65.- | 78 | | 109.85 | | |

REMARKS:

| PRIOR EDITIONS MAY BE USED | **PRINT 5 COPIES:** | 1. CLERK OF THE COURT<br>2. USMS RECORD<br>3. NOTICE OF SERVICE<br>4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.<br>5. ACKNOWLEDGMENT OF RECEIPT | **FORM USM-285**<br>Rev. 12/15/80<br>Automated 01/00 |
|---|---|---|---|

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.  4:20-cv-1390

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Matthew  Stover

was received by me on *(date)*   11/16/2020   .

◯ I personally served the summons on the individual at *(place)*

_____   on *(date)* _____   ; or

☒ I left the summons at the individual's residence or usual place of abode with *(name)*

Carolina  Rivera   , a person of suitable age and discretion who resides there,

on *(date)*  11/16/2020   , and mailed a copy to the individual's last known address; or

◻ I served the summons on *(name of individual)* _____   , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____   on *(date)* _____   ; or

◻ I returned the summons unexecuted because _____   ; or

◻ Other *(specify)*:



My fees are $   65.    for travel and $   44.85   for services, for a total of $   $109.85   0.00   .

I declare under penalty of perjury that this information is true.

Date:  11/16/2020

_____
*Server's signature*

Curt  Hansen   DUSM
*Printed name and title*


111  S. 10th  St   St. Louis  MO.
*Server's address*

Additional information regarding attempted service, etc: